CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH K. STOUT,<br>    Plaintiff, | Civil Action No. 7:11-cv-00482 |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Samuel G. Wilson |
| WENDY S. HOBBS, WARDEN,<br>FLUVANNA CORRECTIONAL<br>CENTER FOR WOMEN, ET AL.,<br>    Defendants. | United States District Judge |

       Plaintiff Deborah K. Stout brings this action for compensatory damages, declaratory relief, and injunctive relief to redress alleged violations of her First, Eighth, and Fourteenth Amendment rights. She alleges that the defendants have discriminated against her; retaliated against her; violated her equal protection rights; displayed deliberate indifference to her medical needs; impinged upon her freedoms of speech, expression, and choice; and subjected her to cruel and unusual punishment. Because Stout has failed to state a claim for relief, her complaint is dismissed without prejudice.

       Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This familiar rule is greatly relaxed for *pro se* plaintiffs, and litigants with meritorious claims should not be stymied by technical rules of pleading. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). The relaxation of Rule 8(a)(2) is not, however, without limits. A court must be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Stout has, in this case, presented the court with an eighteen-page complaint against nine defendants. The group of defendants includes a range of professional titles, from prison warden to building manager to ombudsman. The complaint includes those defendants—often tangentially—in a detailed timeline of events occurring from January 3, 2011 to August 14, 2011. If the court is able to discern any alleged constitutional violations from this timeline, it is that Stout was assigned to a cell with a disagreeable homosexual roommate who preferred to use a fan to circulate air in the cell, and this fan caused Stout to be cold and have nosebleeds. Despite the great detail in the complaint, nowhere are the alleged violations of Stout's constitutional rights attributed to any individual actor or even to the group acting in concert. Nor is the court able to ascribe particular courses of conduct to particular constitutional violations. While the pleading rules do not impose an exacting standard on Stout, she must offer some foothold on which the defendants can base an answer or on which the court can base an opinion. Accordingly, the court will dismiss Stout's complaint without prejudice for failure to state a claim.

**ENTER**: This 13th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE